IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| RICHARD GARZA | § | |
| v. | § | CIVIL ACTION NO. 5:10cv178 |
| FREDERICK GOODEN, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The Plaintiff Richard Garza, an inmate currently confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Garza complained of an incident in which a door was allegedly slammed on his foot by Officer Tiffany Miller on September 24, 2009. He complains that he was denied medical care after the incident and that on November 4, 2009, he received a disciplinary case over the incident, which case was later overturned because it was filed outside of TDCJ time limitations.

On March 31, 2011, Garza filed a motion for summary judgment. In support of this motion, he offered exhibits and summary judgment evidence setting out his version of the facts, and requesting that judgment be granted to him.

On August 25, 2011, the Magistrate Judge issued a Report recommending that Garza's motion for summary judgment be denied. The Magistrate Judge set out the standards for analyzing summary judgment motions, noting that in order to prevail on his motion, Garza would have to show that there were no disputed issues of fact and that he is entitled to judgment as a matter of law. Thus,

in order to prevail on his claim of excessive force, Garza would have to show as undisputed fact that Officer Miller acted maliciously and sadistically for the very purpose of causing harm, rather than in a good faith effort to restore discipline. In order to prevail on his claim of retaliation, he would have to show as undisputed fact that he exercised a constitutionally protected right, Officer Miller took adverse action against him in retaliation for his exercise of this right, and that but for Miller's retaliatory motive, the adverse action would not have occurred.

The Magistrate Judge went on to state that in order to prevail on his claim of denial of access to medical care, Garza would have to show as undisputed fact that the defendants were deliberately indifferent to a serious medical need. The facts in the case showed that Garza was seen in the infirmary only two hours after the incident occurred, and that a medical examination showed nothing more than a slight red mark on his foot, with no swelling or deformity. Finally, Garza sought summary judgment on his claim that he was denied due process in the disciplinary hearing, but the summary judgment evidence, viewed in the light most favorable to the non-movant, showed that Garza received written notice of the hearing at least 24 hours in advance and that he was found guilty based on the officer's report and testimony.

The Magistrate Judge concluded that Garza had not shown that he was entitled to judgment as a matter of law based upon undisputed facts, in that he had not shown as undisputed fact that he was the victim of a malicious and sadistic use of force or that but for an alleged retaliatory motive, the actions complained of would not have occurred. The Magistrate Judge went on to say that Garza did not show by undisputed facts that he had suffered a denial of constitutionally mandated due process in the disciplinary hearing, or that the brief delay in taking him to the infirmary demonstrated deliberate indifference to a serious medical need. The Magistrate Judge thus recommended that Garza's motion for summary judgment be denied.

Garza filed objections to the Magistrate Judge's Report on September 13, 2011. In his objections, Garza sets out his version of the facts of the case and says that the Magistrate Judge failed to address his objections to the Defendants' affidavits and exhibits attached to their motion

for summary judgment. He appears to argue that he is the non-movant, but this Report concerns only Garza's motion for summary judgment, in which he is the movant, not the non-movant. With regard to the disciplinary case, Garza points to Supreme Court case law saying that there must be "some evidence" to support the finding of guilt, but does not address the fact that the finding of guilt was based on the officer's report and testimony, which constitutes "some evidence" sufficient to support the finding. He contends that he has a liberty interest in good time credits, but does not address the fact that his lost time credits were restored when the case was overturned.

Next, Garza says that Officers Miller and Latham cannot use excessive physical force against him and challenges the Magistrate Judge's conclusion that the injury to his foot may not amount to a "serious medical need." He offers nothing to show that the facts surrounding his claims of excessive force or deliberate indifference to a serious medical need are undisputed, nor that he is entitled to judgment as a matter of law on these claims. Garza's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Plaintiff's motion for summary judgment, the summary judgment evidence, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 29) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's motion for summary judgment (docket no. 9) is hereby DENIED.

**SIGNED this 30th day of September, 2011.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE