IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| RICHARD RAY GARZA | § | |
| v. | § | CIVIL ACTION NO. 5:10cv178 |
| FREDERICK GOODEN, ET AL. | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The Plaintiff Richard Garza, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. In his original complaint, Garza named as defendants Officer Tiffany Miller, Sgt. Derek Latham, Lt. Jordan Smith, Sgt. Michael Pressnell, Officer Lance Drager, Captain Frederick Gooden, Major Roger McDonald, and Warden Jeffrey Calfee; he subsequently filed a motion asking that Drager and McDonald be dismissed.

Garza states that on September 24, 2009, Officer Tiffany Miller intentionally and maliciously slammed a door on his foot. He was not allowed to go to the infirmary by Sgt. Latham, but a few hours later, Officer Becky Hack wrote him a pass and he was able to seek medical care. Garza filed a grievance about the incident, and on November 4, 2009, he was taken to the Telford Unit administrative building, where Lt. Smith told him that he would be receiving a disciplinary case over the incident with Miller. He was taken to the medical department and Sgt. Pressnell told him that force would be used on him if he resisted. He was examined by a nurse named Doddy, and then

1

escorted to administrative segregation. He did receive a disciplinary case, which was overturned at the Step Two appeal.

The Magistrate Judge ordered the Defendants to answer the complaint. Both Garza and the Defendants have filed motions for summary judgment. Garza's motion for summary judgment was denied on September 30, 2011.

On November 18, 2011, the Magistrate Judge issued a Report recommending that the Defendants' motion for summary judgment be granted as to all of Garza's claims except for his assertion that Officer Miller used excessive force on him and filed a disciplinary case against him in retaliation for his having filed a grievance on her. The Magistrate Judge also recommended that Drager and Miller be dismissed from the lawsuit on Garza's motion. Garza filed objections to the Magistrate Judge's Report on December 14, 2011.

In his objections, Garza first discusses his retaliation claim at some length. The Magistrate Judge recommended that he be allowed to proceed on his claim that Miller retaliated against him by filing a disciplinary case. Nothing in Garza's objections, nor in his pleadings, supports a claim that any of the Defendants other than Miller retaliated against him; the fact that he was found guilty on a disciplinary case which was later overturned does not itself show that the guilty verdict was predicated upon retaliatory intent. Garza's objection on this point is without merit.

Next, Garza appears to complain of violation of TDCJ policies requiring that all uses of force be reported, asserting that the failure to investigate his claims amounts to a constitutional violation. The Fifth Circuit has held that a violation of prison rules alone is not sufficient to rise to the standards of a constitutional claim. Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996); Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986). In addition, the failure to investigate a complaint to a prisoner's satisfaction does not set out a constitutional claim because inmates do not have a constitutionally protected liberty interest in having grievances resolved to their satisfaction, and so there is no violation of due process when prison officials fail to do so. Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005); *see also* Edmond v. Martin, et al., slip op. no. 95-60666 (5th Cir.,

Oct. 2, 1996) (unpublished) (prisoner's claim that a defendant "failed to investigate and denied his grievance" raises no constitutional issue); Thomas v. Lensing, et al., slip op. no. 01-30658 (5th Cir., Dec. 11, 2001) (unpublished) (same). Garza's objections in this regard are without merit.

Garza goes on to complain that Gooden, Latham, Calfee, Pressnell, and Miller knew that he had filed a grievance and that over 40 days elapsed before he received a disciplinary case. This forms the basis for Garza's retaliation claim against Miller, but Garza offers nothing to show that any of the other individuals knew about his grievance or had anything to do with the disciplinary case that Miller wrote. He contends that Miller was "forced" to write the disciplinary case, but as the Magistrate Judge concluded, the summary judgment evidence raised a plausible inference that Miller wrote the case on November 4, 2009, after learning that Garza had filed a grievance against her. Garza offers nothing to show that Miller was "forced" to write the case. This objection is without merit.

Garza contends that he was unfairly denied the right to rebut the disciplinary charges because he was not allowed to present evidence or call witnesses. As the Magistrate Judge observed, the disciplinary case was later overturned. This objection is without merit.

Finally, Garza objects to the Magistrate Judge's conclusions concerning qualified immunity. He contends that the Defendants' conduct was objectively unreasonable, but offers nothing to support this assertion beyond a conclusory claim that the Telford Unit administration conspired to write the false disciplinary case. He also states that qualified immunity is not a defense to his clams for declaratory and injunctive relief, which is correct, but does not provide any basis for setting aside the Report of the Magistrate Judge because he has not shown any basis for such relief against any of the named defendants other than Miller. Garza's objections are without merit.[1]

---

[1] The Defendants did not file objections to the Magistrate Judge's Report; accordingly, they are barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 39) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendants' motion for summary judgment (docket no. 21) is hereby GRANTED as to all claims and Defendants *except for* the Plaintiff's individual-capacity claims that Officer Tiffany Miller used excessive force on him on September 24, 2009, and that Officer Miller subsequently wrote a disciplinary case against him in retaliation for his having filed a grievance against her. The claims against the Defendants Gooden, Latham, Smith, Presnell, and Calfree are hereby DISMISSED with prejudice. It is further

ORDERED that the Plaintiff's motion for leave to amend his complaint to dismiss the Defendants Drager and McDonald (docket no. 17) is GRANTED, and the claims against these two officers are DISMISSED without prejudice. Finally, it is

ORDERED that all Defendants other than Officer Tiffany Miller are hereby DISMISSED as parties to this lawsuit.

**SIGNED this 10th day of January, 2012.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE